OPINION of the Court, by
Judge Ct. Ark.
Lock-ett exhibited his bill in chancery, in the Jessamine circuit court, against Moore and January, alleging that Moore was entitled to one half of 1G0G acres of land, entered, surveyed aud patented in the name of January ; that Nathaniel Evans was authorised by Moore to sell this land, and did, in 1784, sell, for a valuable consideration, 200 acres of it to Samuel Henderson ; that Het>r derson, in 1787, sold the same to him, and assigned Evans’s bond for the same, to whom he was to look for title and release Henderson ⅛ that Evans executed to him a deed for the land, which was lodged in the Pay-ette county court office, and destroyed when that office was consumed by Sre ; that Moore, in 1799, denied Evans’s authority, divided the land with January, and threatened to turn him out of possession, by ejectments, juries, sheriffs, See. ⅜ that he not knowing whether he could hold the land or not, and being alarmed by the threats of Moore, thought it best to yield to Moore’s right, and purchased of him a part of the 200 acres, and received a deed; that he also held by bond a claim to his.choice of 500 acres of Mosby’s entry of :20,000 acres in Jessamine, which interfered in part with this 1000, and that he chose that part; that January had. *68 brought bed Me an ejectment for part, and that he apprehe^-core would do so likewise. He prays that the contract between "himself, Henderson and Evans may, against Moore, t>e carried into specific execution — to set aside his contrr.cr with Moore, and to recover or. the strength of Moshy ts claim.
The answers of Moote and January deny every' material allegation in the bill in relation to the pc-we*- oí Evans to sell; and Moore, in express terms, denies his possessory power to sell any part of his lands, except so far as was necessary for payment ot fees, &c.; and that that power was given birrs after the sale to Henderson., They deny the superiority of Mosby’s claim, and arc silent ns to toe complainant's tight under ¡t. The inferior court decreed m favor of the complainant on every point. The defendants appealed; and allege the inferior court erred — -1st, In giving relief as to Mosby⅛ entry. 2d, In decreeing Moore to convey the balance of the land purchased of Henderson; or if he was bound to convey, it ought not to have been with general warranty. 3d, In setting aside the contract made between Moore and the complainant, and compelling Moore to refund the money received under it.
It will be unnecessary to inquire into the comparative strength of the adverse claims brought into view., before the right the complainant sets up to the 500 acres, part of Mosby,s entry, is ascertained. Tor if he has failed to shew his right to the part claimed by him, he ought not to succeed, although the entry under which lie claims may be a good one, and surveyed correctly, l7rom a bond executed by Ltuleberrv Mosby, made an exhibit in the cause, it appears the complainant and Josiah Alain purchased of him 500 acres, choice of an entry and survey of 20,000 acres in the name of John Mosby, and that Alum assigned his interest to the com • plainant. But there is no proof shewing Littleberry Mosby ;s right to sell, ot that he had any interest in the claim. The: legal title ought not to have been wrested out of the defendant January, until the complainant had rshewn a superior equitable claim in himself, derived from the original patentee. This he has failed to do. It was contended for the complainant in argument, that Ids right to the 500 acres beiug a positive allegation m the biii, *nd not denied by the answer, was uix admission *69 of the fact. This position, according to the rule laid down fey this court in the case of Cowan vs. Price, vol 1, 173, is incorrect. If an answer is silent as to a matter charged in the bill to be within the defendant’s knowledge, or which may be fairly presumed so to be, the matter ought to be considered, as admitted ; but ought not, where the matter is not so charged, or cannot reasonably be presumed to be within his knowledge. This appears to us the most equitable rule upon the subject; for if the defendant files an insufficient answer, the complainant can except, and compel a better one. But we--* he permitted to consider as admitted every fact not particularly denied by the answer, it would frequently produce surprize on the defendant; and moreover, often times occasion decrees contrary to the real justice of the cause, upon implied admissions, false in fact.
When the bill charges a fact, to be within thfc knowledge of the defendants, or whkh may failly be presumed ro be fo, if the aniwer is íiient as to the h£\} It will be t^ken as ad» n.kted j other-» wiic where the (aü fs not within I he knowledge of defendant, nor pre-fumed to be fc4
A power to lot$te and fuivey gave no power to fell ; and an exprellion that he would gladly fell part at a low rate to procure money to defray the ex-pen fe of refidue# aid not autho-rise the pirfjp to whom it was addiofiedto fell,
We are of opinion there is also error in the judgment of the circuit court in decreeing Moore to convey to the •complainant the balance of the 200 acres purchased of Henderson. The complainant claims the land in contest under a purchase from Henderson, and Henderson from Evans, who is alleged to have been the agent of Moore, with full power to sell his lands in this country. That Evans was the agent of Moorei and vested with powers to a certain extent, cannot be doubted. But it docs not appear that at the time be sold to Henderson, which was in January 1785, his power extended to a sale of the land, but seems to be confined to locating, surveying, &c. The letters written by Moore to Evans upon the iubject of his lands in this country, are relied on to profe Evans’s authority ; for exclude these letters, and not a vestage of testimony remains which shews Evans’s power to sell. ” The first of these letters must have been written ⅛ 1783, and the other (for neither of them are dated) in 1785 ; the one in ’83, after mentioning his in-aoiiity to procure money to defray the expense of locating, &c. contains the following expressions : “ If part of the land could be sold, I would gladly part from it at a very low rate to answer the purpose.” These expressions are by no means sufficient to vest Evans with rev/, er to sell, and can only be considered as declarations of ¿ns intention to dispose of part ol the land to cn,.ble him to tarry the balance into grant. T&e letter written in '⅜⅞ gives to Eyans full power to seU the whole or any *70 part of his land, except an entry of 100 acres. This power being given after the sale to Henderson, can have-no influence upon the decision of this question ; for if the agent exceeded the scope of his authority in making the sale, a subsequent extension of his power (without a ratification of what had been done) could not legalize it. The opinion of the court being in favor of the appellants upon this question, renders a particular consideration of the remaining one unnecessary. For if the sale from Henderson gave the complainant no right to the 200 acres, it follows of course that the contract between the complainant and Moore tor a part of the same land was a valid one.
A letter, fub-fe$uent to an unauthorifed fate, giving an agent power to fell, did not legalize the pre. vious iale not ratified under $&e power®
Decree reversed, with order to dismiss the bill, &c«